UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:15-cv-01554 (GBL/IDD) ) |
| JORDAN PANEL SYSTEMS CORPORATION, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund's ("Plaintiff's") Motion for Default Judgment against Jordan Panel Systems Corporation, Jordan Installation Services Corporation, and JAF Development Enterprises, LLC (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 7.) After a licensed attorney for Defendants failed to appear at the hearing on March 25, 2016, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint and Plaintiff's Motion for Default Judgment, the undersigned Magistrate Judge makes the following findings and recommends Plaintiff's Motion be **GRANTED in part and DENIED in part**.

## I.   INTRODUCTION

On November 20, 2015, Plaintiff filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.* (Compl. ¶ 1.) Plaintiff seeks unpaid contributions, interest on unpaid contributions, liquidated damages, and attorney's

fees and costs incurred as a result of Defendants' withdrawal from the Sheet Metal Workers' National Pension Fund ("the Fund"). (*Id.*)

## A. Jurisdiction and Venue

For a court to render default judgment over a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under ERISA, which is federal law.

For a court to exercise personal jurisdiction over a defendant in an ERISA action, the defendant must be served with process and have "sufficient aggregate contacts with the United States as a whole," pursuant to the Fifth Amendment. *Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1044 (E.D. Va. 1997) (holding that because ERISA provides for nationwide service of process, the Fifth Amendment "national contacts" theory, rather than Virginia's long-arm statute, applies). As discussed below, Defendants were properly served with process. Because Defendants are entities organized under New York law with their principal places of business in New York, (Compl. ¶¶ 7–12), Defendants have sufficient contacts with the United States for this Court to exercise personal jurisdiction over them. *See McD Metals,* 964 F. Supp. at 1045. Therefore, this Court has personal jurisdiction over Defendants.

Finally, as to venue, an ERISA action may be brought in the "district where the plan is administered." 29 U.S.C. § 1132(e)(2). In this case, the Fund is administered in Fairfax, Virginia, which is within the Alexandria Division of the Eastern District of Virginia. (*See* Declaration of Cari Greene ("Greene Decl.") ¶ 2.) Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve a defendant properly under federal or state law, a court lacks personal jurisdiction and may not enter default judgment against the defendant. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), (stating "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946))), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing district court's decision to enter default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h).

On December 2, 2015, a private process server delivered copies of the Summons and Complaint to Diana Gannon, who is designated by law to accept service on behalf of Defendants, in East Northport, New York. (Dkt. No. 4.) Therefore, Plaintiff properly served Defendants pursuant to 29 U.S.C. § 1132(e)(2) and Rule 4(h).

### C. Grounds for Default

Plaintiff filed its Complaint on November 20, 2015. (Dkt. No. 1.) Defendants have failed to appear, answer, or file any other responsive pleading in this matter. On February 4, 2016, Plaintiff filed a Request for Entry of Default with the Clerk. (Dkt. No. 5.) On February 10, 2016, the Clerk entered default against Defendants. (Dkt. No. 6.) On March 10, 2016, Plaintiff filed its Motion for Default Judgment, and the Court held a hearing on the matter on March 25, 2016. (Dkt. Nos. 7, 12.) After Defendants failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II.   EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-

4

pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.   FACTUAL FINDINGS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment and memorandum in support thereof, and the affidavits and documents submitted in proof of damages. Plaintiff alleges, and by failing to answer Defendants admit,[1] the following facts.

Plaintiff is the board of trustees of the Fund, a multiemployer pension plan[2] administered from offices located in Fairfax, Virginia. (Compl. ¶¶ 3, 4, 6.) Defendants Jordan Panel Systems Corp. ("Jordan Panel") and Jordan Installation Services Corp. ("Jordan Installation") are New York corporations. (*Id.* ¶¶ 8, 10.) Defendant JFA Development Enterprises, LLC ("JFA Development") is a limited liability company organized under the laws of the State of New York.

---

[1] Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").
[2] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(37), 1301(a)(3).

(*Id.* ¶ 12.) At all relevant times, John A. Finamore, Sr. owned 100% of Jordan Panel's stock, 100% of Jordan Installation's stock, and 100% of the ownership, profit, and capital interests of JFA Development. (*Id.* ¶¶ 32, 33, 44, 45.) At all relevant times, Defendants were employers "in an industry affecting commerce" as defined by 29 U.S.C. §§ 152(2) and 1002(5), (11), and (12). (*Id.* ¶¶ 7, 9, 11.)

Defendant Jordan Panel entered into a collective bargaining agreement ("the Agreement") with Local Union No. 28. (*Id.* ¶ 15.) Under the Agreement, Defendant Jordan Panel was required to abide by the terms of the Fund's Agreement and Declaration of Trust, and any amendments thereto, and to submit monthly reports and payments to the Fund. (*Id.* ¶¶ 16–17.) On or about September 1, 2015, Defendant Jordan Panel ceased to have an obligation to contribute to the Fund, effecting a "complete withdrawal" from the Fund as defined in 29 U.S.C. § 1383. (*Id.* ¶ 18; Greene Decl. ¶ 7). As a result of the withdrawal, Jordan Panel incurred withdrawal liability to Plaintiff in the amount of $4,043,218.73. (*Id.* ¶ 19.) On or about September 8, 2015, Jordan Panel received a notice and demand for payment of withdrawal liability from Plaintiff, pursuant to 29 U.S.C. §§ 1382(2) and 1399(b)(1). (*Id.* ¶ 20.) The notice stated that Jordan Panel's withdrawal liability was payable in twenty-four quarterly payments of $196,968.29 and a final payment of 104,483.74, with the first payment due on or before October 3, 2015.[3] (*Id.* ¶ 21.) Neither Jordan Panel nor any other trade or business has paid any of the payments due to Plaintiff under Jordan Panel's withdrawal liability payment schedule. (*Id.* ¶ 23.)

---

[3] In the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment, Plaintiff explains that it later reviewed and revised Jordan Panel's withdrawal liability. (Dkt. No. 8 at 3–4.) However, Plaintiff's Complaint does not address the revision. (*See* Compl. ¶¶20–21.) Furthermore, the revision does not affect the damages calculation for Plaintiff's Motion for Default Judgment, as Plaintiff's Complaint alleges only two missed payments, and the revision did not change the start date of the payment schedule or the amount of each payment. (Dkt. No. 8 at 4.) It simply increased the number of quarterly payments from twenty-four to twenty-seven. (*Id.*)

### A. Count I: Claim Against Jordan Panel

In Count I, Plaintiff alleges that Jordan Panel has violated ERISA by failing to make withdrawal liability payments upon complete withdrawal from the plan. (Compl. ¶ 27.) An employer becomes liable to a multiemployer plan when the employer either completely or partially withdraws from the plan. 29 U.S.C. § 1381(a). A complete withdrawal from a multiemployer plan occurs when an employer "permanently ceases to have an obligation to contribute under the plan." *Id.* § 1383(a)(1). Failure to make withdrawal liability payments is treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. *Id.* § 1451(b). Therefore, if a plaintiff is awarded judgment to collect withdrawal liability payments, the plaintiff is entitled to the following damages: (A) the unpaid withdrawal liability; (B) interest on the unpaid withdrawal liability; and (C) an amount equal to the greater of interest on the unpaid balance or liquidated damages of up to twenty percent of the withdrawal liability. *See id.* § 1132(g)(2).

In this case, Jordan Panel ceased to have an obligation to contribute to the Fund, a multiemployer plan, on or about September 1, 2015. (Compl. ¶ 18; Greene Decl. ¶ 7.) Jordan Panel therefore effected complete withdrawal and became responsible for withdrawal liability. *See* 29 U.S.C. §§ 1381(a), 1383(a)(1). Jordan Panel received notice that its first withdrawal liability payment of $196,968.29 was due on October 3, 2015. (Compl. ¶ 21.) Neither Jordan Panel nor any other business has made the payment. (*Id.* ¶ 23.) Therefore, the undersigned finds that Jordan Panel has failed to make the withdrawal liability payment, entitling Plaintiff to damages pursuant to 29 U.S.C. § 1132(g)(2).

Plaintiff's Complaint alleges that Jordan Panel is liable to Plaintiff for the delinquent payment in the amount of $196,968.29; interest on the delinquent payment at a rate of 0.0233%,

compounded daily; an amount equal to the greater of interest at that rate or liquidated damages equal to twenty percent of the withdrawal liability; and attorney's fees and costs. (Compl. ¶ 27.) Pursuant to 29 U.S.C. § 1132(g)(2), Plaintiff is entitled to receive the requested relief.

In support of its request for relief pursuant to § 1132, Plaintiff relies on the Declaration of Cari Greene, the Fund's Compliance Manager. Based on Plaintiff's Complaint and the Declaration of Cari Greene and its exhibits, the undersigned finds that Defendant Jordan Panel owes Plaintiff a total of $243,062.42 for failure to pay withdrawal liability. The total is comprised of $196,968.29 in withdrawal liability;[4] $39,393.66 in liquidated damages; and $6,700.47 in interest through February 26, 2016.[5]

## B. Counts II & III: Claims Against Jordan Installation and JFA Development

In Counts II and III, Plaintiff alleges that Defendants Jordan Installation and JFA Development are jointly and severally liable for Jordan Panel's withdrawal liability because they are trades or businesses under common control with Jordan Panel. (Compl. ¶¶ 30, 38, 41, 50.) Under ERISA, trades or businesses that are under common control are treated as a single employer. 29 U.S.C. § 1301(b)(1). Two or more businesses are under common control when five or fewer individuals own at least 80% of the shares in the businesses and have a 50% identical ownership of the shares in the businesses. *Id.*; Treas. Reg. § 1.414(c)-2(b)(2)(i)(A), (c)(2). In this case, one individual, John A. Finamore, Sr., owned 100% of Jordan Panel's stock, 100% of Jordan Installation's stock, and 100% of the ownership, profit, and capital interests of JFA Development. (Compl. ¶¶ 32, 33, 44, 45.) Therefore, the undersigned finds that Defendants Jordan Panel, Jordan Installation, and JFA Development are a single employer and are jointly

---

[4] Plaintiff requests $396,936.58 in its Motion for Default Judgment. (Dkt. No. 8 at 10.) However, in default cases in this circuit, there can be no recovery over the amount pled in the complaint when money judgment is sought. *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 104 (4th Cir. 1979); *see also Cumberlander v. KCL Site Servs., LLC*, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009).

[5] The exact amount of interest need not be pled specifically in the Complaint. *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04-cv-1109, 2005 WL 1432786, at *9 (E.D. Va. June 1, 2005)

and severally liable for $243,062.42 in damages for Jordan Panel's failure to pay withdrawal liability.

## C. Attorney's Fees and Costs

Plaintiff requests attorney's fees and costs in the amount of $10,858.07. (Dkt. No. 8 at 10.) When a plaintiff is awarded judgment to collect withdrawal liability payments, the plaintiff is entitled to collect reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D). In support of its request for attorney's fees and costs, Plaintiff submitted the Declaration of David Mohl, an associate attorney at the firm Slevin & Hart P.C., and a time sheet itemizing the time spent by various attorneys and staff. Based on these submissions, Plaintiff seeks $10,858.07 in attorney's fees and costs ($9,968.00 in attorney's fees and $890.07 in costs). Having examined and reviewed the declaration and time sheet, the undersigned Magistrate Judge finds that the requested fees and costs are reasonable compensation for work necessarily expended to enforce Plaintiff's rights.

## IV.   RECOMMENDATION

The undersigned Magistrate Judge finds that the submitted pleadings and affidavits establish that Plaintiff is entitled to a default judgment and, therefore, recommends entry of default judgment in favor of Plaintiff and against Defendants. The undersigned finds that Plaintiff is entitled to damages in the total amount of $253,920.49, in accordance with the following:

| Plaintiff Fund | Delinquent Contributions | Interest through 2/26/16 | Liquidated Damages | Attorney's Fees and Costs | TOTAL |
|---|---|---|---|---|---|
| NPF | $196,968.29 | $6,700.47 | $39,393.66 | $10,858.07 | $253,920.49 |

## V.   NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

Jordan Panel Systems Corp.
196 Laurel Road
East Northport, NY 11731

Jordan Installation Services Corp.
196 Laurel Road
East Northport, NY 11731

JFA Development Enterprises, LLC
196 Laurel Road
East Northport, NY 11731

/s/
Ivan D. Davis
United States Magistrate Judge

June 7, 2016
Alexandria, Virginia